It pleases the Court, I would like to start by saying that I think that the briefing actually covered most of the ground fairly well and comprehensively, and so I do not plan on spending too much time elaborating on things. We believe that the core issue that's being presented here really relates to the third prong of the claim for fraud, which is knowledge of falsity on behalf of the defendant. And we believe here that we provided more than adequate information to establish this. First of all, we want to note that the entire defense of this knowledge is based on the declaration of Mike Curran. And in that declaration, he basically says that the company had a good faith belief that the value of the shares was the $5 transaction price from the previous investor event. However, when you get into his testimony and you look at what he actually said, he never inquired. He never saw the documents to know what the price was. He didn't inquire as to what the rationale was in terms of using the $5 investor price versus the audited price that they had obtained for the common shares of stock. And therefore, Mike Curran cannot form an evidentiary basis to establish a good faith belief in the $5 valuation. Further, as we noted, and we provided you law on this, which is that ordinarily speaking, a good faith belief is something that needs to go to a jury. So we believe, one, they do not have preclusive evidence. Two, we believe that when you look at the audited value, which was specifically related to the common shares of stock for employee compensation, which is at issue here, versus the $5 investor event, you can see that there is evidence that Tanium made a knowledgeable misrepresentation of fact to Howard to induce him to employment. And we know that Howard made it crystal clear from the outset that compensation was the key factor in why he was going to move from one employment to another. Counsel, there's a quite old California Supreme Court case that appears to say that notice to one agent of a corporation is notice to the whole corporation. In other words, that it's imputed. Is there anything that has undermined that general principle in recent years? No. In fact, at this point in time, it's codified. And we provided that to you. Let's see if I can find that codification. But the civil code actually says that the knowledge goes in both directions. And we have that in the briefing as well. The current state of California law is that if an agent or an officer has knowledge in either direction, it's imputed upon the company. And here we know all the knowledge came from the CFO, whether it came through Curran down to Evans or whether it came from Brown directly to Evans. We're not clear. There's no evidence on that. But what we do know is that the CFO, Eric Brown, who obtained the audited report, communicated  Well, I guess my question is, what if he didn't communicate it? Isn't it still the company's problem? It's still the company's problem because they have the knowledge. But here we know from Mike Curran that it actually was communicated out to at least the recruiting staff. We know that he got the information about the valuation from Eric Brown. Mr. Baird, I want to go back to a little more basic point. One element of your fraud claim is that there was a misrepresentation of fact. Correct. Is that right? Correct. Now, what is the fact that was misrepresented? That the value of the shares. The value of the shares. Correct. Now, is that a fact? Yes. Or is that an opinion? No. That is a fact. It's a fact here for a couple of different reasons. It's a fact because it was not communicated to Howard as a statement of opinion. It was communicated to him that this is the fair market value. And two, we provided you case law and the district court actually held that in circumstances where one party holds all of the information, the other party has no ability to check that information out. How do you show that that was a falsehood? You show it by an opinion, the 409A, right? We show it by the 409A showing that they had an audit evaluation. Which is an opinion or a fact? It is. It's an opinion, isn't it? It is the opinion that Tanium sought, paid for, and relied upon. And therefore, they treated it as a fact. Relied upon for what purpose? They used it to demonstrate the value in the share works, the portfolio portal. For what purpose? For the purpose of employees being able to check the value of shares. For the purpose of, you know, taxes that might be due to the IRS, right? Correct. They also reported it to the IRS. It's a very common, you know, I'll call it a, I don't know what the term of art is, but it's just, it's a tax documentation document, opinion, right? Correct. But here we know that the very purpose of the audit was to determine the value of common shares for employee compensation. For what purpose? Only for tax reporting purposes. Well, in this particular circumstance, they communicated it to him to induce him to employment. They used a higher value in order to induce him to take action. That's the definition of fraud. And we have cases that demonstrate that an opinion, where that person holds all the information, can be actionable fraud. And that's what happened here. And we know from Mike Curran, again, there was no way for Howard to check that valuation. And we also know from the communications that they did not provide Howard any information that would indicate to him that there might be something he needs to follow up on. That this was an investor event, that this was only an audited value, that this is different than what you would see in ShareWorks when it came to you. What they did is make an affirmative representation of a current value. We understand it's not a future value, but a current value for the purposes of inducing him to leave his old employee and seek employment with Tania. And that's what happened. What is the legal significance of the 409A, submitting that value to the IRS? Did the IRS use that for purposes of calculating taxes? Well, it's an affirmative statement of truth to the government for the government to take appropriate action. I don't think it's done necessarily under penalty of perjury. I'm not a tax expert, but it is akin to that. You're making an affirmative representation to the government about what the value of those shares are for the purpose of taxing the employees. That's a very serious assertion. This is an issue that bothered me when I was preparing also, but it seems to me that the missing item from, and maybe opposing counsel can deal with this when it's her turn to speak. I think it may be that this tax-related value is not what people do or should rely on in assessing current value, but they have no expert witness, no declaration, nothing to support that theory. You know, so maybe they'll win and maybe they'll lose, but it seems to me that on the summary judgment record, there really isn't anything to prevent this from being potentially a current value. Correct. And so one of the things I had said to you earlier is there's no preclusive evidence. And I am looking at this strictly from the summary judgment standard of they must produce evidence which precludes our ability to prevail, and I don't believe that they've done that. And that may be an issue upon which this stands. Is, and I probably should know the answer to this, but is this a case in which the parties have attempted mediation? There were court-involved settlement discussions early in my involvement. I did not start at the outset of the case. That happened once. There have been some discussions between parties, but there has not been a full-on mediation. There was just a settlement. Would that, from your client's perspective, would that be a useful possible exercise here? That's hard for me to say without discussing that with him first. I can say that at this juncture, that may be difficult because I think that either party is looking at this from the perspective of prevailing on the appeal, and you're going to have diametrically different valuations based on one outcome or the other. So he may be open to that. That's ordinarily the whole point of mediation, because somebody wins and somebody loses without it. But normally you're doing that with the color of not having any previous decisions about the underlying merits, and I think here that weighs things a little bit. But you're, well, I shouldn't really be arguing with you about this, but it seems to me that the best possible outcome for you is merely to say that there's an issue of fact, not to say anything conclusive. Correct. Correct. I do think that this is an issue of fact for trial. That is what our briefing has been pretty clear about throughout in each step, is that these are... And at a trial, even if you win here, you could win or you could lose, correct? Correct. Okay. I'm more, post the appeal, would mediation be a useful tool? I think it's always a useful tool. Okay. I am seeing that I'm close to the five minutes. I'm not sure when the clock started. If that was down to ten... You've used up almost ten minutes, so if you stop now, you'll have... That time for rebuttal. Thank you very much. Unless you have further questions for me now. No. Thank you. Good morning. Good morning. May it please the Court. My name is Margaret Bell. I represent Taney & Inc. There is a motion before the Court to augment the record, which was not addressed by my opponent. Generally, when we're at the appellate level, the record is limited to the record at the District Court, unless there are very limited circumstances. My opponent has indicated that one of them is judicial notice that he's basing his motion on. The other is that there would be extraordinary, this is an extraordinary case or extraordinary circumstances. Judicial notice would only apply to the first document, which is a corporate filing bitanium, and it can only apply to the fact of the filing, not to the contents or the facts contained in that document, which Mr. Howard was relying on. For whatever it's worth, my questions all pertain to the existing record, and I would ask you to address whether there is anything in the record that deals with the question of the usage or usages of the 409A valuation versus the last transaction. Yes. Thank you. There is, at the record, page 145, is the evaluation report. In the first paragraph, it states the company plans to use this report solely for the purpose of granted, already granted employee stock awards. And above that, it does say for financial reporting and tax compliance purposes. So it is, as Your Honor, It doesn't say exclusively, and there's nothing that explains whether this is or is not something that a reasonable potential employee would rely on. There's no expert discussion. There's no expert testimony or declaration that I'm aware of. Is that true? That is true. There's something also to note that's different in this document, is that it uses the term non-market, fair value. It does not use the term fair market value. It uses the term fair value of minority, non-marketable common stocks. And what Tanium and Mr. Evans were indicating, the one statement that's at issue is the following. Stock has a current fair market value of $5 a share. Well, that's not the only thing. Evans told plaintiff that he would receive, quote, $150,000 current value. So that's a pretty specific representation of the actual value. Based on what Tanium looks to, that there was an investor equity event where they were able to get, in the market, $5 per share. That is what is indicating to them what an investor would pay for a share of Tanium stock. And that was the indication to them of what that stock was worth at that time. They were also, and there's evidence in the record, they were getting ready for an IPO, which would, and I guess you're not looking at the preferred versus common stock, but everything would convert to common stock at that point. But that's the mind frame, is what can we get in the market? Not what an accountant's going to look at for tax purposes. But my understanding, and perhaps this is why I think there would potentially need to be more evidence in the record, at least as like in the superficial reading of the IRS code, is that the purpose of the 49A evaluation is to provide an accurate assessment of fair market value of employee stock, right? That is not, that is a certainly deferred compensation, right? And so then, it seems to me without more, right, there's two possible ways to determine the fair market value of this stock, and there doesn't seem to me something conclusive. Or even assuming there was a good faith basis for Tanium selecting one over the other, drawing all inferences in favor of the non-moving party, it still seems to me a reasonable jury could conclude that the other number was more accurate and Tanium was either knowing or reckless in disregarding it, or not at least disclosing it to Mr. Howard. And again, the tax assessment is a fair value. What Tanium was looking at is what can we get in the market, which are two different things. What your car may be worth blue book is different than what you probably can pay for on the market in various times. Same with housing. Different, and these are, again, to the point earlier, is these are valuations. They're opinions. They're not statements of fact. It's an evaluation. But it was presented to him as a statement of fact. He was told he was going to get $150,000 of value, current value. That is a statement of fact, what you are getting. You know, typically it's true that value is considered an opinion, but not always. And I don't see where the district court went wrong on that aspect of the case. Well, that's interesting. You have two different values, so it's not necessarily a statement of fact. It's a statement of value. But I understand what you're saying in that district court did not decide in our favor at that point. But what the district court really grappled with, and I think correctly, was that what is the knowledge of first Mr. Evans in making this representation? Well, what is your answer to my question of opposing counsel? There is a case from the 1930s from the California Supreme Court that says, basically, that knowledge of one officer or representative of a company is the knowledge of all, that it's imputed the way we do in criminal law with police knowledge. So if that's true, what difference does it make whether he remembered or noticed that this other value was out there? Well, two things. One is all the cases, including that Supreme Court case, is not a fraud case and not dealing with a particular prong of knowledge of falsity. I mean, fraud is an intentional misrepresentation. You have to look into the mind frame of the person— But intentionality is different than knowledge. You can—I mean, the question of knowledge, it seems to me, is separate from the question of intent to defraud. But as the district court correctly pointed out, there is no case cited that says that a manager in making a representation has to know all the information by every other manager in the corporation. Well, but it is possible that the person making the offer is willfully blind to all the information that is there for that individual to understand. I mean, if, for example, someone says, well, I've never read the employee's personnel manual. I just haven't bothered, so I don't know anything that's in there. It seems to me that just saying you didn't know is not the whole story. And I am pointing out just for—you're asking about those other cases that address this. There are no cases we could find that address it in a fraud situation with a manager making such a comment, and especially pertaining to the knowledge element. But also, the information, the evidence that Taney presented below was that there was no knowledge of falsity, and there was an honest belief that this is what the shares are going to go for on the market. You can still have reckless disregard for falsity. And the only thing that would be based on is that the fact that there is a 409A report out there that touches on tax liability for deferred compensation purposes. That's not what they were looking at when they were trying to figure out what is the fair market value, what can we get in the market. They have a more accurate, precise resource, which is the equity sale that had occurred previously. I want to ask you a question. This is what we can get for it on the market. Let me ask you a question about that equity event. Now, didn't that involve the sale of preferred stock? According to the information that my opponent is asking to be augmented in the record, the new documents. But it was of preferred, yes. All right. Now, isn't there usually a difference in the value between preferred and common? Just as, you know, something is known on the street. Not that I'm aware of. You mean to say, as far as you know, preferred and common are always the same. What's the point of having two classes if there's no difference in valuation? There's difference in rights that go with that. That's right. And rights give rise to value, right? There's no affirmative statement that says that preferred is always going to be treated differently or higher. No, I'm not saying that. I'm saying that, you know, preferred is not necessarily the same as common. Not necessarily until you get to a public offering and then the preferred converts into common shares. And that is what they were getting ready for at that time was an IPO. And, again, what the leadership is looking at is what can we get, what are the stocks going for on the market? And the communication, the discussion, everything that's done with Intanium, and, again, this is a startup company where there's a lot of talk about this at the time. Which makes it all the more important, doesn't it, to be accurate when you're dealing with someone because it's not something you can go look up and find out for sure what it sold for yesterday. So it makes reliance much more plausible. The evidence in the record is that they did believe that to be accurate, and it was based on that equity event. Right, but the subject of belief doesn't end the legal inquiry, right? Because the law is that they could have had reckless disregard for the accuracy or falsity of their belief. The question is whether a reasonable jury, drawing all the inferences in favor of Mr. Howard, a reasonable juror, could find that Intanium knew or was reckless, had reckless disregard for the accuracy or falsity of its statement. That is a way that you can get through this prong, but there's no evidence to support that. There's nothing... There's no evidence to the contrary, either. It's blank. I mean, just like the question that I asked you about expert explanation, there are a lot of holes in this record. Right. I mean, I think it's a matter of law. The purpose of the 409A evaluation is to provide a good-faith estimate, valuation of fair market value. Is it not? Fair value for tax purposes. I understand that's what your document says, fair value, but it doesn't... My understanding is that as far as a tax code matter, RS code is asking for a fair and accurate assessment of fair market value, and it provides for a variety of ways in which, in a closely held corporation, that fair market value can be estimated. So as a matter of law, that report is, by definition, supposed to be an accurate assessment of fair market value. So on this record, drawing all inferences in favor of Mr. Howard, why couldn't a jury conclude that having had that valuation report in hand, that it was just going ahead and choosing the $5 over the 2 was recklessly disregarding the possible falsity of the $5 valuation? Because the mere existence of that 409A report doesn't mean they don't truly believe that they can get $5 per share on the market, and that actually did happen. And there's no dispute to that, that they, that's what they're basing their indication on is an actual sale. If you own a duplex and your neighboring duplex, exactly the same, sells it for a certain amount, you can look at that and think, that's probably what I can sell it for. But didn't the district court say it was a genuine dispute of material fact as to whether that was the actual fair market value at the time? No, there's not a dispute of that in the record. There's no evidence coming forward and saying that they've presented that we didn't know that to be the case, that there was a $5 share value to the equity event. Counsel, before you tie this up, I'm going to ask you the same question I asked opposing counsel. Is your client open to the possibility of mediation through our court program? You know, we, when, we went to a settlement conference before the district court, and then when this decision came out, I think, in my recollections, I did reach out to see if there was an interest, and I think their response was that there wasn't an interest. I'm not asking about history. I'm asking about now. I mean, if they're not, that's fine. I just would like an answer. Yeah, and we've actually had a pretty good communication on those issues, and I could certainly raise it with my client and get in touch with my opponent to see if there's an interest. Certainly. Okay. Okay. Anything else? Thank you very much. Thank you, Your Honors. A couple of quick points related to the old California Supreme Court case, which was the Sanders v. McGill. We also gave you an affirmation of that from a 2005 appellate court case, and that's the same principle related to the officers. Also, I was able to locate the California Civil Code, and it's section 2332, which states, as against the principle, both principle and agent are deemed to have notice of whatever either has notice of, and ought, in good faith, in the exercise of ordinary care and diligence, to communicate to the other. So it is brought up to date with the 2005 appellate court case, and is currently statute in the state of California. Related to the good faith belief in the $5 evaluation, I just want to go back to the fact that there's actually no evidence of that in the record. They don't have any information that actually demonstrates that the company had a good faith belief in the $5 per share value. They are relying solely upon the declaration of Mike Curran, who in testimony says he didn't know what the basis was, and he didn't inquire as to the basis was. So the declaration itself is contradicted by his own testimony, and cannot form a basis for summary judgment in and of itself. And in terms of what information we have related to the falsity, the knowledge of falsity, they had the report in hand, and they utilized it to report out to the employees, and they utilized it to report out to the IRS. So they asserted their belief in the knowledge of that, both to the employees and publicly. And we believe that that is more than sufficient evidence to get us over the hump from summary judgment to trial. If you don't have any further questions, I can rest. Thank you very much. Thank you. This matter is submitted.
judges: TASHIMA, GRABER, SUNG